# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellen S. Ewald,<br><br>                        Plaintiff,<br><br>vs.<br><br>Royal Norwegian Embassy and<br>Gary Gandrud, Esq.,<br><br>                        Defendants. | Civil No. 11-CV-02116 (SRN/SER)<br><br><br>**RULE 26(f) REPORT** |

The parties to the above-named action hereby submit the following report, prepared in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Notice of Pretrial Scheduling Conference, dated May 25, 2012.

The pretrial conference in this matter is scheduled for July 6, 2012 at 9:00 a.m. before United States Magistrate Judge Steven E. Rau in Room 334, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

1.      **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**

   a.      **The date and place at which the meeting was held:**

   Counsel for the parties conferred in person at the offices of Faegre Baker Daniels LLP on June 26, 2012

   b.      **Name, address and occupation or business of each party, together with the name, address, and telephone number of the attorneys who represented each party at the meeting:**

Plaintiff Ellen S. Ewald lives in Minneapolis, Minnesota and works as a strategic advisor.

Thomas E. Marshall represented Plaintiff at the Rule 26(f) meeting.  Mr. Marshall is located at Engelmeier & Umanah, PA, 12 South Sixth Street, Suite 1230, Minneapolis, MN, 55401.  Mr. Marshall's phone number is (612) 455-7732.

Defendant Royal Norwegian Embassy is located at 2720 34th Street, Washington, D.C. 20008.  Defendant Royal Norwegian Embassy is part of the Kingdom of Norway.

Dan Wilczek and Sean Somermeyer of Faegre Baker Daniels LLP represented Defendant Royal Norwegian Embassy at the Rule 26(f) meeting.  Faegre Baker Daniels LLP is located at 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402.  Dan Wilczek's phone number is (612) 766-8821.  Sean Somermeyer's phone number is (612) 766-7485.

All claims against Defendant Gary Gandrud, Esq. were dismissed by the Court's January 26, 2012 Memorandum Opinion and Order (ECF No. 18) and Mr. Gandrud is no longer a party to this action.

**c.     Name of insurance carriers that may be liable for the defense or payment of any damage award:**

None.

**d.     An agenda of matters to be discussed at the Pretrial Conference:**

The parties respectfully propose the following topics to be discussed at the Pretrial Conference: the scheduling of litigation dates, as outlined below; the timing and utility of additional mediation or settlement conferences; and any other topics of discussion suggested by the Court.

**2.     Description of the Case**

**a.     A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description:**

Defendant Royal Norwegian Embassy is a foreign state under the Foreign Sovereign Immunities Act.  28 U.S.C. § 1603.  The Royal Norwegian Embassy removed this action to federal court pursuant to 28 U.S.C. § 1441(d).  This Court has original jurisdiction over this action under 28 U.S.C. § 1330 (a).

**b.     A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses:**

Plaintiff:

Defendants encouraged Plaintiff to move to the United States from Norway to take an officer position working with Defendant, Royal Norwegian Embassy.  She agreed to work for the Norwegian Consulate based on, among other things, a promise of equal treatment with her male co-worker, who held a parallel officer position with similar responsibilities, objectives and duties.  In the employment relationship, however, Defendants did not keep their promises.  Plaintiff was paid considerably less than her male peer, despite her superior qualifications.  Plaintiff received fewer benefits than her male peer.  Plaintiff worked substantially more than her male peer.  The terms and conditions of Plaintiff's employment were significantly inferior to her male peer. Defendants encouraged Plaintiff's male peer's work and payment for business expenses to facilitate that work while, at the same time, Defendants  interfered with and refused to pay for business expenses to facilitate Plaintiff's work.   Plaintiff's contract was not extended, even though her work was very good, she possessed superior Norwegian communication skills, and was responsible for many important developments in the area of strengthening relations between the Midwest and Norway within her focus area. Plaintiff, when raising complaints of unfair treatment, endured retaliation and harassment from Defendants.

Plaintiff asserts claims of promissory estoppel, violation of the Equal Pay Act, 29 USC § 206(d)(1) , gender discrimination, reprisal and harassment under state law, Minn. Stat. §§ 363A.08, 363A.15, and violation of the Minnesota Whistleblower Act, Minn. Stat. §181.832.

Defendant:

Plaintiff Ellen S. Ewald executed a written employment agreement with the Royal Norwegian Embassy in 2008 to serve as a Higher Education and Research Officer at the Honorary Consulate in Minneapolis, Minnesota.  Plaintiff's contract, which she agreed to and executed prior to relocating to Minnesota and commencing employment with the Embassy, set forth the terms and conditions of Plaintiff's employment, including a three-year term of employment, her salary ($70,000), and benefits.

After learning that a male employee who held a different position at the Honorary Consulate was paid a higher salary, Plaintiff complained.  Plaintiff was told that the male employee's position—Innovation and Business Development Officer—was different from hers and that the male employee had separately negotiated his compensation package.

Plaintiff served the entire term of her employment, was paid her full salary, and received everything that she was entitled to under her employment agreement.  No adverse action was taken against Plaintiff as a result of her complaints.

      **c.**      **A summary itemization of the dollar amount of each element of the alleged damages:**

      Based on the information Plaintiff has available as of the time of this report, Plaintiff claims damages as follows:

> -Back Pay since October 2010 ($40,000 x three years) $120,000.00
> -Front Pay (to be determined at trial)
> -Treble compensatory damages as provided by Minn. Stat. § 363A.29, subd. 4
> -Liquidated damages pursuant to 29 U.S.C. § 216(b).
> - Mental anguish or suffering pursuant to Minn. Stat. § 363A.29, subd. 4
> -Punitive damages, see Minn. Stat. § 363A.29, subd. 4.
> -Other economic loss including:
> > -Pension contribution
> > -Health insurance premiums
> > -Reimbursement for travel expenses to Science Week 2010 $2,362.00
> > -Moving and costs and related expenses $50,000.00

**3.**      **Pleadings**

      **a.**      **A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings:**

      Plaintiff has filed her Complaint and Defendant Royal Norwegian Embassy has filed its Answer.  The parties do not currently propose to amend their pleadings.

      **b.**      **The date by which all motions that seek to amend the pleadings to add parties, claims, and defenses will be filed:** September 1, 2012.

      **c.**      **Whether a jury trial is available under the law, and whether a jury trial has been timely demanded:**

Plaintiff has demanded a jury trial on all issues so triable.  Defendant Royal Norwegian Embassy states that pursuant to 28 U.S.C. § 1441(d), a jury trial is not available on any claims against it.

**4.    Discovery Plan**

    **a.    Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed:** July 25, 2012.

    **b.    Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced, and if not, when the parties believe that alternative dispute resolution would be appropriate. In addition, state the proposed method of alternative dispute resolution:**

The parties will participate in a settlement conference with the Magistrate Judge on July 6, 2012.

    **c.    Whether discovery should be conducted in phases (e.g., to first discover information bearing on dispositive issues or on settlement), or limited to or focused upon, particular issues:**

The parties do not propose the use of discovery phases.

    **d.    How the parties propose handling any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

The parties agree to produce documents in multi-page "tiff" format and to follow Exhibit A, attached hereto.  When using search terms to retrieve electronic information, the parties agree to meet and confer regarding appropriate search terms, and arrange to test such terms, if necessary, before raising any dispute with the Court.

    **e.    How the parties propose handling claims of privilege and protection of trial preparation material:**

The parties agree that they may withhold privileged information and instead produce privilege logs as allowed by the Federal Rules of Civil Procedure.

    **f.    How the parties propose handling the protection of confidential information:**

The parties agree that the use of a protective order is appropriate to address the protection of confidential information.  The parties further agree to confer regarding the specific terms of such an order and propose a stipulated order to the Court.

**g.** **The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B), including rebuttal experts:**

Plaintiff:  December 1, 2012.
Defendant: January 15, 2013.

**h.** **Whether changes should be made in the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any:** <u>None</u>.

**i.** **The number of interrogatories each party shall be permitted to serve, including subparts:** <u>25 interrogatories</u>.

**j.** **The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take:** <u>10 depositions</u>.

**k.** **The number of expert depositions each party shall be permitted to take:** <u>2 expert depositions</u>.

**5.** **Close of Fact and Expert Discovery and Non-Dispositive Motions**

**a.** **The date by which all fact discovery shall be completed:** <u>March 1, 2013</u>.

**b.** **The date by which all expert discovery, including expert depositions, shall be completed:** <u>April 1, 2013</u>.

**c.** **The date by which any independent medical examination shall be completed and the report served on the opposing party**: <u>March 1, 2013</u>.

**d.** **The date by which all non-dispositive motions shall be served, filed and heard by the Court:** <u>April 15, 2013</u>.

**6.** **Dispositive Motions and Trial**

**a.** **Date by which all dispositive motions shall be served, filed and heard by the Court:** <u>July 1, 2013</u>.

**b.** **Date by which case will be ready for trial:** <u>September 1, 2013</u>.

**c.     The number of expert witnesses each party expects to call at trial:**
<u>Plaintiff expects to call two expert witnesses.  At this time, Defendant does
not anticipate using expert witnesses but reserves the right to call two
expert witnesses</u>.

**d.     Estimated trial time (the number of days needed for trial, including
jury selection and instructions, if applicable):**  <u>5 days</u>.

**7.     Exercise of Jurisdiction by U.S. Magistrate Judge Pursuant To Title 28,
United States Code Section 636(c)**

The parties do not consent to have this matter tried before the Magistrate Judge.


ENGELMEIER & UMANNAH


Dated:  June 29, 2012                    By:     <u>s/ Thomas E. Marshall</u>
                                                 Sheila Engelmeier, #175250
                                                 Susanne J. Fischer, #285353
                                                 Thomas E. Marshall, #155597

                                                 12 South Sixth Street, Suite 1230
                                                 Minneapolis, MN 55402
                                                 Telephone: (612) 455-7720

                                                 Attorneys for Plaintiff Ellen S.
                                                 Ewald

FAEGRE BAKER DANIELS LLP

Dated:  June 29, 2012                    By:    s/  Sean R. Somermeyer
                                                Daniel G. Wilczek, #131660
                                                *Daniel.Wilczek@faegreBD.com*
                                                Sean R. Somermeyer, #391544
                                                *Sean.Somermeyer@faegreBD.com*

                                                2200 Wells Fargo Center
                                                90 South Seventh Street
                                                Minneapolis, MN  55402
                                                Telephone: (612) 766-7000

                                                Attorneys for Defendant Royal
                                                Norwegian Embassy