# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellen S. Ewald,<br><br>          Plaintiff,<br><br>vs.<br><br>Royal Norwegian Embassy,<br><br>          Defendants. | Civil No. 11-cv-02116 (SRN/SER)<br><br>**AFFIDAVIT OF<br>SHEILA ENGELMEIER** |

STATE OF MINNESOTA )
                               ) ss.
COUNTY OF HENNEPIN )

      Sheila Engelmeier, being duly sworn on oath, states as follows:

      1.     I am one of the attorneys representing Plaintiff Ellen S. Ewald ("Ewald") in the above-captioned matter.

      2.     Attached hereto as Exhibit A is a true and correct copy of an e-mail dated September 20, 2011 wherein Plaintiff is putting Defendant on notice regarding preserving information to computer(s), documents and electronically-stored information.

      3.     Attached hereto as Exhibit B is a true and correct copy of correspondence dated September 29, 2011 from Attorney Sean R. Somermeyer responding to Plaintiff's September 20, 2011 e-mail regarding preservation.

      4.     Attached hereto as Exhibit C is a true and correct copy of Exhibit A to the parties' Joint Rule 26(f) Report [DOC. NO. 32-1].

2

5. Attached hereto as Exhibit D is a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant Royal Norwegian Embassy.

6. Attached hereto as Exhibit E is a true and correct copy of Plaintiff's First Set of Requests for Production of Documents.

7. Attached hereto as Exhibit F is a true and correct copy of Plaintiff's Request for Admissions.

8. Attached hereto as Exhibit G is a true and correct copy of Defendant Royal Norwegian Embassy's Answers and Objections to Plaintiff's First Set of Interrogatories.

9. Attached hereto as Exhibit H is a true and correct copy of Defendant Royal Norwegian Embassy's Objections and Responses to Plaintiff's First Set of Requests for Production of Documents.

10. Attached hereto as Exhibit I is a true and correct copy of Plaintiff's Requests for Admissions, Set 2.

11. Attached hereto as Exhibit J is a true and correct copy of Plaintiff's Second Set of Interrogatories to Defendant.

12. Attached hereto as Exhibit K is a true and correct copy of Plaintiff's Second Set of Requests for Production of Documents.

13. Attached hereto as Exhibit L is a true and correct copy of Defendant Royal Norwegian Embassy's Answers and Objections to Plaintiff's Second Set of Interrogatories.

#22784-2

14. Attached hereto as Exhibit M is a true and correct copy of Defendant Royal Norwegian Embassy's Responses and Objections to Plaintiff's Second Set of Requests for Production of Documents.

15. Attached hereto as Exhibit N is a true and correct copy of correspondence dated December 21, 2012 from Attorney Joel P. Schroeder regarding Plaintiff's discovery deficiencies.

16. Attached hereto as Exhibit O is a true and correct copy of correspondence dated January 11, 2013 from Attorney Thomas E. Marshall responding to Defendant's December 21, 2012 discovery deficiency letter.

17. Attached hereto as Exhibit P is a true and correct copy of correspondence dated January 18, 2013 from Attorney Joel P. Schroeder responding to Plaintiff's January 11, 2013 discovery deficiency letter.

18. Attached hereto as Exhibit Q is a true and correct copy of correspondence dated February 1, 2013 from Attorney Susanne J. Fischer regarding discovery issues.

19. Attached hereto as Exhibit R is a true and correct copy of correspondence dated February 11, 2013 from Attorney Joel P. Schroeder responding to Plaintiff's February 1, 2013 letter regarding discovery.

20. Attached hereto as Exhibit S is a true and correct copy of correspondence dated February 26, 2013 from Attorney Susanne J. Fischer responding to Defendant's February 11, 2013, deposition scheduling and designation of documents deficiency letter.

#22784-2

21.     Attached hereto as Exhibit T is a true and correct copy of correspondence dated March 11, 2013 from Attorney Joel P. Schroder responding to Plaintiff's February 26, 2013, deposition scheduling and designation of documents.

22.     Attached hereto as Exhibit U is a true and correct copy of correspondence dated April 10, 2013 from Attorney Susanne J. Fischer serving Plaintiff's Supplemental Rule 26(a)(1) Disclosures and Plaintiff's Document Production Designation.

23.     Attached hereto as Exhibit V is a true and correct copy of correspondence dated May 31, 2013 from Attorney Sheila Engelmeier regarding discovery deficiencies.

24.     Attached hereto as Exhibit W is a true and correct copy of correspondence dated June 7, 2013 from Attorney Joel P. Schroeder responding to Plaintiff's May 31, 2013, discovery deficiency letter.

25.     Attached hereto as Exhibit X is a true and correct copy of correspondence dated June 24, 2013 from Attorney Joel P. Schroder requesting Plaintiff supplement their answers to the Embassy's Second Set of Interrogatories and Third Set of Request for Production of Documents.

26.     Attached hereto as Exhibit Y is a true and correct copy of an e-mail dated June 28, 2013 from Attorney Thomas E. Marshall to Joel P. Schroeder regarding discovery issues.

27.     Attached hereto as Exhibit Z is a true and correct copy of an e-mail string dated June 30, 2013 from Attorney Sheila Engelmeier to Attorney Joel P. Schroeder regarding ESI issues.

#22784-2

28. Attached hereto as Exhibit AA is a true and correct copy of an e-mail string dated June 30, 2013 from Attorney Joel P. Schroder to Sheila Engelmeier regarding Norwegian document production. One of the issues Plaintiff was inquiring about in this email is chain of custody information related to the preservation of evidence by Defendant. To date, Defendant has refused to provide any such chain of custody information.

29. Attached hereto as Exhibit BB is a true and correct copy of a July 15, 2013 e-mail from Annette Peterson on behalf of Attorney Susanne J. Fischer to defense counsel questioning the redactions by Defendant.

30. Attached hereto as Exhibit CC is a true and correct copy of correspondence dated July 16, 2013 from Attorney Sheila Engelmeier to Attorney Joel P. Schroeder requesting Defendant supplement its answers and responses to Plaintiff's Second Set of Interrogatories, Plaintiff's Second Set of Requests for Production of Documents, and Plaintiff's Requests for Admissions, Set 3. In this letter, Plaintiff's counsel attempted to further narrow the discovery issues between the parties.

31. Plaintiff's counsel has repeatedly requested that Defendant designate the documents produced. Initially, Plaintiff's counsel made the request because of the volume of the documents produced. Then, after it became obvious that the documents produced by Defendant were difficult to search, had errors and were otherwise problematic for Plaintiff and her legal team to review, Plaintiff's counsel reiterated its request for designation, starting on May 31, 2013 and continuing through the date of this Affidavit, July 29, 2013. Over this time period, even though Defendant has effectively

5

acknowledged that its documents were not produced as they were kept in the ordinary course of business by Defendant, Defendant has been steadfast in its refusal to designate.

32.  Attached hereto as Exhibit DD is a true and correct copy of correspondence dated July 26, 2013 from Attorney Joel P. Schroeder responding to Plaintiff's July 16, 2013, discovery deficiency letter. Other than agreeing to search for information from an Embassy header, Mr. Fevolden starting in August 2013, Defendant refused to provide any additional or clarifying information.

33.  Attached hereto as Exhibit EE is a true and correct copy of an e-mail string between the parties dated July 23, 2013 regarding alleged deficiencies and outstanding discovery issues.

34.  Attached hereto as Exhibit FF is a true and correct copy of an e-mail string between the parties dated July 27, 2013 regarding Discovery Issues (e.g., Facebook page(s)).

35.  Attached here as Exhibit GG are excerpts from the deposition of Elisabeth Wemburg.

36.  Attached hereto as Exhibit HH are excerpts from the deposition of Urd Milbury.

37.  Attached hereto as Exhibit II are excerpts from the deposition of Gary Gandrud.

38.  Attached hereto as Exhibit JJ are excerpts from the deposition of Ambassador Johan Vibe.

6

#22784-2

39. Attached hereto as Exhibit KK is an e-mail string between Susanne J. Fischer and Joel P. Schroeder regarding designation of documents.

40. Plaintiff did not produce text messages because Defendant has Plaintiff's work phone, on which the relevant texts reside. Plaintiff is willing to produce her personal phone for forensic inspection based upon agreed-upon search terms. However, we do not believe that phone contains text messages relevant to this case. The phone is not at present working but Carney Forensics tells me that even an inoperable mobile device is searchable.

41. I have never seen the production of 90,000 pages of documents in a single Plaintiff employment case. This production is particularly troubling because it contains numerous pages of junk, duplicates and excessive spacing. I have been informed by Shepherd Data that is has been unable to effectively deduplicate this document production because of the excessive spaces added by Defendant's imaging technology.

42. Despite the volume of this production, Plaintiff, Plaintiff's husband and Plaintiff's legal team has worked diligently attempting to ensure that it has meaningfully reviewed and analyzed the documents produced by Defendant. We have hired several contractors to assist in this process, including: two attorneys (one of whom has 6 years of experience, including a lot of experience in ESI/document review), a 20+ year paralegal with enormous ESI/document review experience, Shepherd Data and a law clerk to assist in the process of reviewing documents. In addition, we have asked Plaintiff and her husband to assist with document review, especially relating to the Norwegian documents. The sheer number of documents, especially without the availability of standard de-

duplication programs and "junk" emails, makes the review extremely difficult.  As of this date, there are still documents we have not reviewed.  Some of those documents are not amenable to search because "to, from and date" information and other metadata is missing.  (We are expecting a new load file from Defendant tomorrow that should help with making some parts of the document production [e.g., the documents containing Norwegian language] more searchable.)  Other documents we simply have not yet gotten to reviewing.  This is particularly true of the documents containing Norwegian language.

43.   Relativity is the database used by Shepherd Data for the documents produced in this matter.  Our legal team, including contractors, consultants and Plaintiff have been accessing Relativity to attempt to review Defendant's production.

44.   Plaintiff experienced difficulties in searching the ESI documents produced starting in April.  Specifically, Plaintiff's counsel asked Plaintiff and her husband to assist in reviewing and translating documents, because they are fluent in Norwegian.  They started to do so in about February.  Plaintiff looked through documents for months, as requested by us and then in April, started to review documents in more detail to attempt to find information relevant for upcoming depositions.

45.   In late April, when Plaintiff discovered the documents provided by Defendant were not searchable, we retained forensic consultants to assist us with document review. The difficulties experienced by Plaintiff in reviewing the Norwegian documents are set forth in the Declaration of Ellen Ewald.

46.   In late May, we started working with Shepherd Data to assist us in ascertaining why the Norwegian documents were not searchable.  The Declaration of

#22784-2

Christine Chalstrom sets forth what Shepherd Data and Plaintiff's legal team and consultants have discovered from May to the present time about problems with the documents. That Declaration sets forth the key problems with the documents, including: missing metadata, documents not produced with a consistent encoding system, imaged documents produced that do not match the source document, bad character encoding, excessive spacing, and fictional domain names and email addresses. See Declaration of Christine Chalstrom, starting at Paragraph 11.

47.     From the time we discovered these issues with the Defendant's production in May of this year, we have worked diligently to try to resolve the issues. Initially, I wrote to defense counsel on May 31 seeking information about where certain documents were located that Plaintiff and her legal team had expected to see in the Defendant's document production, but did not see. With the exception of identifying one email between Johan Vibe and Plaintiff, to date Defendant has been unwilling to produce information responsive to these requests for clarification or subsequent requests for information, such as contained in Exhibit CC, attached hereto, at p. 4.

48.     As noted above, discovery is ongoing in this case, despite the fact that we are beyond the discovery deadline. For example, Defendant continues to supplement its production (see, e.g., Paragraph 40, *infra*). Similarly, the deposition of Dr. Berit Johne, who refused to attend a previously-scheduled deposition for reasons that were brought to this Court's attention in a phone conference with Magistrate Judge Rau, is now set for either August 16 or August 19. We, therefore, do not believe it would create hardship to

produce the mobile devices for forensic inspection or allow Plaintiff to subpoena phones from third-parties for forensic inspection.

49. Although counsel for Plaintiff did not realize this when initially reviewing documents starting in the beginning of 2013, many of the key documents are in Norwegian. Initially, we believed that persons employed by Defendant in the United States were the key decision-makers with regard to this matter. Accordingly, we did not employ anyone on Plaintiff's legal team who could read or speak Norwegian. We believed we could get by with help from Plaintiff and her husband in deciphering the documents containing the Norwegian language. We tasked Plaintiff and her husband with reading and translating key portions of the documents containing the Norwegian language. It was not until the last 45 days that we realized we needed more help in deciphering the documents containing Norwegian, as Plaintiff and her husband were not as available as they had been in the past, due to a variety of factors, including family health issues. Just this past week we retained a law clerk fluent in Norwegian to assist us in reviewing the remainder of the documents containing Norwegian.

50. Unfortunately, despite our diligent efforts and tens of thousands of dollars of expense to Plaintiff, we have not been able to review all of the documents provided by Defendant as of the date of this Affidavit. Until very recently, we could not search the Norwegian language portion of the documents. As of the date of this Affidavit, some of the Norwegian documents are not searchable.

51. We continue to find relevant documents which we missed in prior attempts to search for relevant information, both in the documents that are in English and in the

documents containing Norwegian. In the last week we found a key email from Gary Gandrud that directly contradicts his deposition testimony. I am not sure how this document was missed. We have searched the to, from and subject fields to locate documents, including searching all documents "to" and "from" Gary Gandrud. Unfortunately, as of the date of this Affidavit, some of those fields are empty, particularly within the documents containing Norwegian.

52.   Due to the problems experienced by Plaintiff and her legal team in attempting to search for documents in April and May, 2013, Plaintiff's counsel asked the President of Shepherd Data to review the document production and for Shepherd to do what it could to make the documents more searchable.

53.   A google search reveals that the "archival system" refers to the way Norwegian government entities maintain documents to ensure compliance with Norwegian laws regarding transparency. I provide this information because Ms. Wemburg's deposition testimony refers to the archival system or "archives."

54.   Starting approximately 30 days ago, anticipating there would be difficult discovery issues between the parties because of the recently-discovered problems with Defendant's document production, Plaintiff's counsel repeatedly asked Defendant to extend the deadline for making a motion to compel. Despite Plaintiff reminding Defendant that the Court had expressed a willingness to provide the parties some more time for discovery, if needed, Defendant steadfastly refused to stipulate to an extension. During that 30-day time frame, Plaintiff supplemented her discovery responses, as requested by Defendant. Defendant did not respond in kind.

11

#22784-2

55.     Starting on July 16, 2013, after setting forth all of the outstanding issues in discovery, Plaintiff's counsel repeatedly attempted to schedule a final meet and confer with counsel for Defendant.  Defendant refused to meet, claiming lack of availability, until mid-morning on July 29, 2013.  When counsel for the parties finally met and conferred, they were unable to resolve their discovery disputes.  During the meet and confer telephone meeting, Defendant reiterated that it would not answer the questions Plaintiff presented regarding locating relevant documents within the Defendant's production, restated its position taken in the July 26, 2013 correspondence that Defendant had no obligation to "help" Plaintiff in this regard and reaffirmed its assertion that Plaintiff was just as capable as Defendant to search the almost 90,000 pages of documents for relevant information.  The only additional information Defendant's counsel indicated Defendant would produce is information to be collected from Trond Fevolden.  With respect to information obtained from Mr. Fevolden, however, counsel noted that information would not be available until the end of August, 2013.

FURTHER AFFIANT SAYETH NAUGHT,

s/ Sheila Engelmeier

Subscribed and sworn to before me this
29th day of July, 2013.

s/Annette M. Peterson
Notary Public - Minnesota
My Commission Expires – January 31, 2015

12

#22784-2