

EXHIBIT H

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellen S. Ewald,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Royal Norwegian Embassy,<br><br>　　　　　　Defendant. | Civil No. 11-CV-02116 (SRN/SER)<br><br>**DEFENDANT ROYAL NORWEGIAN EMBASSY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

TO: Ellen S. Ewald and her attorneys, Sheila Engelmeier, Susanne J. Fischer, and Thomas E. Marshall, Engelmeier & Umanah, 12 South Sixth Street, Suite 1230, Minneapolis, MN 55402.

Defendant Royal Norwegian Embassy ("Defendant" or the "Embassy") asserts the following objections and responses to Plaintiff's First Set of Requests for Production of Documents as follows:

## PLAN OF RESPONSE AND GENERAL OBJECTIONS

The following paragraphs constitute Defendant's general objections to Plaintiff's First Set of Requests for Production of Documents. These objections apply to each of Defendant's responses to individual requests that follow these objections. The responses set forth below are subject to and do not waive any of these general objections.

**1. Confidential, Privileged, and Protected Documents.**

To the extent Plaintiff's requests seek private, confidential, privileged, and/or protected information about Defendant or about third parties who are not party to this

action, including documents and information protected by applicable Norwegian law and international treaties and conventions, Defendant objects to these interrogatories on the grounds that it has a right or duty to keep such information confidential. Defendant further objects to Plaintiff's requests to the extent they infringe upon the inviolability of the Embassy's archives and documents as provided pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). No specific response of Defendant below constitutes a waiver of this objection.

2. **Attorney-Client Privilege and Work-Product Doctrine.**

To the extent Plaintiff's requests seek information protected by the attorney-client privilege or the work-product doctrine, Defendant objects to such requests on these grounds and will not knowingly produce such documents or information. No specific response of Defendant below constitutes a waiver of this objection.

3. **Plaintiff's Definitions and Instructions.**

Defendant objects to Plaintiff's instructions because they are overbroad and unduly burdensome. In particular:

a)   Defendant objects to Plaintiff's definitions of "you" and "your" because they are overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure. For purposes of these responses, "you" and "your" mean the Embassy.

b) Defendant objects to Plaintiff's definition of the terms "document" and "document(s)" because they are vague, overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure.

c) Defendant objects to Plaintiff's instructions concerning information that must be produced in conjunction with responsive documents because they are vague, overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure.

d) Defendant objects that the burden or expense associated with Plaintiff's definitions and instructions outweighs their likely benefit and is an undue annoyance, oppression, and burden.

e) Defendant objects to Plaintiff's instructions regarding the continuing nature of the document requests to the extent they impose requirements beyond those in the Federal Rules of Civil Procedure.

4. **Electronically Stored Information.**

Defendant objects to Plaintiff's requests to the extent they require Defendant to search electronically-stored information that is not reasonably accessible data due to undue burden or cost, including but not limited to the need to collect data from individuals or sources that are not readily identifiable as containing potentially relevant or responsive material.

5. **Inviolability of the Embassy's Documents.**

Defendant objects to Plaintiff's requests to the extent they infringe upon the inviolability of Defendant's archives and documents, and disclosure is not permitted pursuant

3

to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Kingdom of Norway expressly waives the inviolability of Defendant's archives and documents in conformity with Article 45, paragraph 2 of the Vienna Convention on Consular Relations for the limited purpose of producing the following documents in this litigation:

(1) documents and other materials contained in the personnel files of former Royal Norwegian Embassy employees Ellen Ewald and Anders Davidson;

(2) any additional e-mail correspondence, either between employees of the Royal Norwegian Embassy and third parties or among Royal Norwegian Embassy personnel, regarding Ellen Ewald and Anders Davidson;

(3) financial and payment records regarding the compensation and benefits of Ellen Ewald and Anders Davidson;

(4) employee handbooks, manuals, benefits information, or policies, both archived and current, applicable to Ellen Ewald and Anders Davidson during the course of their employment;

(5) documents related to the work performed by Ellen Ewald and Anders Davidson as Higher Education and Research Officer and Innovation and Business Development Officer; and

(6) documents related to the creation of the Higher Education and Research Officer and Innovation and Business Development Officer positions.

6. **Right to Amend or Supplement.**

The information contained in the following responses is true and correct to the best of Defendant's knowledge and belief as of the date of the responses. Defendant reserves the right to amend or supplement these responses if it finds that inadvertent errors or omissions have been made or if additional or more accurate information becomes available later.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

Subject to and in addition to its general objections, the Embassy makes the following specific objections and responses:

**REQUEST NO.1**: All documents identified, referred to in, related or reviewed in preparing Defendant's Answers to Plaintiff's Interrogatories.

**OBJECTIONS**: The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague, overly broad, and unduly burdensome with respect to the word "related." The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce non-privileged documents, if any, identified, referred to in, or reviewed in preparing Defendant's Answers to Plaintiff's Interrogatories.

**REQUEST NO. 2**: All documents to which Defendant or its agents or attorney referred to, reviewed or consulted in preparing its Answer in this matter, including all documents relating to any allegations contained within your Answer.

**OBJECTIONS**: The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce non-privileged documents responsive to this request.

**REQUEST NO. 3**: All documentation of wages, benefits and other compensation paid to Ewald during her employment with Defendant.

**OBJECTIONS**: The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague, overly broad, and unduly burdensome with respect to the word "benefits."

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce non-privileged documents of monetary wages, monetary benefits, and other compensation paid to Ewald during her employment with the Honorary Consulate.

**REQUEST NO. 4**: All photographs, videotapes or audio tape recordings which relate to any allegations made in your Answer.

**OBJECTIONS**: The Embassy objects to this request because it is vague with respect to the phrase "which relate to."

**RESPONSE**: Subject to and without waiving its objections, none.

**REQUEST NO. 5**: All exhibits you intend to introduce at any deposition, hearing, or at the trial of this matter.

**OBJECTIONS**: The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is premature, and to the extent it seeks to impose obligations exceeding those required by the Federal Rules of Civil Procedure.

**RESPONSE**: Subject to and without waiving its objections, the Embassy has not yet determined which exhibits it intends to introduce at depositions, hearings, or at trial,

and will do so in the time, manner, and to the extent required by the Federal Rules of Civil Procedure, or in accordance with the Scheduling Order in this matter.

**REQUEST NO. 6**: Copies of Defendant's financial statements, payroll records, and attachments for employees at all the Norwegian Consulates and Embassies in the United States for the past ten years.

**OBJECTIONS**: The Embassy objects to this request because it infringes upon the inviolability of the Embassy's archives and documents, and disclosure is not permitted pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Embassy objects to this request because it is vague with respect to the phrases "attachments" and "financial statements," and overly broad and unduly burdensome. The Embassy also objects to this request to the extent that it seeks personal, private, and confidential information about third parties. The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7**: Copies of Defendant's employment policies, procedures, handbooks notices, postings, benefits information or other materials provided to employees.

**OBJECTIONS**: The Embassy objects to this request because it is vague, overly broad, and unduly burdensome with respect to the phrases "postings" and "other materials provided to employees." The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to and without waiving its objections, the Embassy will produce such employment policies, handbook notices, and benefits information in effect during the term of Ms. Ewald's employment that were applicable to her.

**REQUEST NO. 8**: All documents concerning any communication relating to Plaintiff's employment by or between any current or former employee or other current or former representatives of Defendant and Plaintiff from January 2008 to the present

**OBJECTIONS:** The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague, overly broad, and unduly burdensome. The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9**: All documents regarding[,] referencing[,] or discussing compensation for Plaintiff and/or for Anders Davidson.

**OBJECTIONS:** The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague with respect to the word "compensation." The Embassy also objects to this request to the extent that it seeks personal, private, and confidential information about third parties.

**RESPONSE:** Subject to and without waiving its objections, the Embassy will produce all non-privileged documents regarding, referencing, or discussing monetary compensation for Ms. Ewald and Mr. Davidson.

**REQUEST NO. 10**: All Employment Agreements for all of the employees at the Honorary Consulate General in Minneapolis from January 2008 to the present

**OBJECTIONS**: The Embassy objects to this request because it infringes upon the inviolability of the Embassy's archives and documents, and disclosure is not permitted pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Embassy also objects to this request to the extent that it seeks personal, private, and confidential information about third parties. The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce the Employment Agreements of Ms. Ewald and Mr. Davidson.

**REQUEST NO. 11**: All documents that relate to Ellen Ewald, including diaries, journals, notes, memoranda, calendars, daily planners or similar documents of Gary Gandrud for the time period January 1, 2008 to the present.

**OBJECTIONS**: The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague, overly broad, and unduly burdensome. The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12**: All documents which contain, reflect, or relate to any instructions or advice given by Defendant (and/or any representative of the Royal Norwegian Embassy) to Gary Gandrud related to supervising Plaintiff and responding to her complaints.

**OBJECTIONS**: The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague, overly broad, and unduly burdensome with respect to the phrases "relate to" and "supervising Plaintiff." With respect to documents related to "supervising Plaintiff," the Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce non-privileged documents that contain or reflect any instructions or advice given by the Embassy to Gary Gandrud related to responding to Ms. Ewald's complaints.

**REQUEST NO. 13**: All documents which contain, reflect, or relate to any investigation, instruction or advice given to Gary Gandrud related to Anders Davidson's relation and his participation in MobileOn Services, Inc.

**OBJECTIONS**: The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague, overly broad, and unduly burdensome with respect to the phrase "relate to." The Embassy also objects to this request to the extent that it seeks personal, private, and confidential information about third parties.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce documents that contain or reflect any investigation, instruction, or advice given to

Mr. Gandrud related to Mr. Davidson's relation and his participation in MobileOn Services, Inc.

**REQUEST NO. 14**: All documents that relate in any way to Anders Davidson's application for employment, including but not limited to, resume and qualifications, and any negotiations or communications related to his employment agreement.

**OBJECTIONS**: The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague, overly broad, and unduly burdensome with respect to the phrase "relate to." The Embassy also objects to this request to the extent that it seeks personal, private, and confidential information about third parties.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce non-privileged documents responsive to this request.

**REQUEST NO. 15**: All documents that Defendant has received from any of its officers, managers, agents, current and/or former employees, including but not limited to, all correspondence, memoranda, performance reviews, warnings, complaints, and documents relating to salary and/or benefits or other documents for employees of Defendant at the U.S. Embassies and Consulates.

**OBJECTIONS**: The Embassy objects to this request because it infringes upon the inviolability of the Embassy's archives and documents, and disclosure is not permitted pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Embassy objects to this request because it is vague and overly broad. The Embassy also objects to this request to the extent that it seeks personal, private, and confidential information about third parties. The Embassy further objects to this request

11

because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16**: All documents that Defendants have sent to Plaintiff before, during and after her employment.

**OBJECTIONS**: The Embassy objects to this request because it is overly broad and unduly burdensome with respect to documents sent to Plaintiff during her employment. The Embassy objects to this request because it is unreasonably cumulative and/or duplicative to the extent such documents may be in Plaintiff's possession. The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce non-privileged documents that it sent to Ms. Ewald before and after her employment.

**REQUEST NO. 17**: All documents Defendant considered or used to determine that the Officer of Business Development warranted a higher salary and benefits than the Higher Education and Research Officer position.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce non-privileged documents responsive to this request.

**REQUEST NO. 18**: All documents provided by Defendant or anyone acting on Defendant's behalf to any expert witness(es) identified in Defendant's answer or responses to Plaintiff's Interrogatories or pursuant to any court scheduling or other orders and subsequently retained by Defendant for purposes of providing an assessment, opinion and/or testifying in this action.

**OBJECTIONS:** The Embassy objects to this request because it is premature, and to the extent it seeks to impose obligations exceeding those required by the Federal Rules of Civil Procedure.

**RESPONSE:** Subject to and without waiving its objections, the Embassy has not yet determined which persons it will call to testify as experts, if any, and will do so in the time, manner, and to the extent required by the Federal Rules of Civil Procedure, or in accordance with the Scheduling Order in this matter.

**REQUEST NO. 19:** All documents that relate to, bear upon or provide evidence of any communications, oral or otherwise, Defendant has had at any time with any current or former agents or employees of Defendant relating to the subject matter of this litigation or the allegations contained in Plaintiff's complaint. This Request includes, but is not limited to, notes of any telephone conversations Defendant or its personnel might have had with such individuals, cell phone and/or other telephone records.

**OBJECTIONS:** The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this request because it is vague, overly broad, and unduly burdensome.

**REQUEST NO. 20:** All e-mails and attachments from the electronic mailboxes for Gary Gandrud, Anders Davidson, and Plaintiff that relate to job duties and responsibilities.

**OBJECTIONS:** The Embassy objects to this request because it infringes upon the inviolability of the Embassy's archives and documents, and disclosure is not permitted pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy objects to this

13

request because it is overly broad.  The Embassy also objects to this request to the extent that it seeks personal, private, and confidential information about third parties.  The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21**:  Please provide copies of any documents containing or concerning criminal arrests, charges or convictions that you may use for impeachment or other purposes concerning any person identified as a potential witness or person with knowledge of relevant facts in this case, whether identified by Plaintiff or Defendant

**OBJECTIONS**:   The Embassy objects to this request because it is premature, and to the extent it seeks to impose obligations exceeding those required by the Federal Rules of Civil Procedure.

**RESPONSE**:   Subject to and without waiving its objections, the Embassy has not yet determined the documents, if any, it may use to impeach witnesses, and will produce such documents in the time, manner, and to the extent required, if at all, by the Federal Rules of Civil Procedure, or in accordance with the Scheduling Order in this matter.

**REQUEST NO. 22**:  Any documents which relate in any way to the allegations contained in Plaintiff's Complaint and/or Defendant's Answer or the facts and circumstance[s] underlying the allegations.

**OBJECTIONS**:   The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine.  The Embassy objects to this request because it is vague and overly broad.

**REQUEST NO. 23**: Any documents which relate in any way to travel by Anders Davidson as the Innovation and Business Development Officer of the Honorary Consulate General in Minneapolis, including but not limited to, requests for approval of travel, the date, place, purpose, funding source, and amount expended for his travel.

**RESPONSE**: Subject to and without waiving its objections, the Embassy will produce non-privileged documents responsive to this request.

**REQUEST NO. 24**: All complaints of inequitable or discriminatory conduct against females by the Norwegian Foreign Service since 2002.

**OBJECTIONS**: The Embassy objects to this request because it infringes upon the inviolability of the Embassy's archives and documents, and disclosure is not permitted pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25**: All gender equity studies or analysis regarding salary, position, or otherwise prepared at the Norwegian Foreign Service since 2002.

**OBJECTIONS**: The Embassy objects to this request because it infringes upon the inviolability of the Embassy's archives and documents, and disclosure is not permitted pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Embassy objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. The Embassy further objects to

this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26**: All notices and legal advisories provided by Norway to employees of the Norwegian Foreign Service.

**OBJECTIONS**: The Embassy objects to this request because it infringes upon the inviolability of the Embassy's archives and documents, and disclosure is not permitted pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Embassy objects to this request because it is vague, overly broad, and unduly burdensome with respect to "notices." The Embassy further objects to this request because it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

FAEGRE BAKER DANIELS LLP

Dated: October 5, 2012

By: _____
Daniel G. Wilczek, #131660
*Daniel.Wilczek@faegreBD.com*
Joel P. Schroeder, #339556
*Joel.Schroeder@faegreBD.com*
Sean R. Somermeyer, #391544
*Sean.Somermeyer@faegreBD.com*

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000

Attorneys for Defendant Royal Norwegian Embassy

fb.us.9196246.02