EXHIBIT
L

RECEIVED
JUL -5 2013

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellen S. Ewald,<br><br>           Plaintiff,<br><br>vs.<br><br>Royal Norwegian Embassy,<br><br>           Defendant. | Civil No. 11-CV-02116 (SRN/SER)<br><br>**DEFENDANT ROYAL NORWEGIAN EMBASSY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

TO: Ellen S. Ewald and her attorneys, Sheila Engelmeier, Susanne J. Fischer, and Thomas E. Marshall, Engelmeier & Umanah, 12 South Sixth Street, Suite 1230, Minneapolis, MN 55402.

Defendant Royal Norwegian Embassy ("Defendant" or the "Embassy") asserts the following objections and answers to Plaintiff's Second Set of Interrogatories.

## PLAN OF RESPONSE AND GENERAL OBJECTIONS

The following paragraphs constitute Defendant's general objections to Plaintiff's Second Set of Interrogatories. These objections apply to each of Defendant's answers to individual interrogatories that follow these objections. The answers set forth below are subject to and do not waive any of these general objections.

**1. Confidential, Privileged, and Protected Information.**

To the extent Plaintiff's interrogatories seek private, confidential, privileged, and/or protected information about Defendant or about third parties who are not party to this action, including documents and information protected by applicable law and international treaties and conventions, Defendant objects to these interrogatories on the

grounds that it has a right or duty to keep such information confidential. Defendant also objects to Plaintiff's interrogatories to the extent they infringe upon the inviolability of the Embassy's archives and documents as provided pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). No specific response of Defendant below constitutes a waiver of this objection.

2. **Attorney-Client Privilege and Work-Product Principle.**

To the extent Plaintiff's interrogatories seek information protected by the attorney-client privilege or the work-product doctrine, Defendant objects to such interrogatories on these grounds and will not knowingly produce such documents or information. No specific response of Defendant below constitutes a waiver of this objection.

3. **Plaintiff's Definitions and Instructions.**

Defendant objects to Plaintiff's definitions and instructions because they are overbroad and unduly burdensome. In particular:

a) Defendant objects to Plaintiff's instructions regarding identifying documents, persons, oral communications, written communications, and other events because they are overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure.

b) Defendant objects to Plaintiff's definitions of "you," "your," "Defendant," and "Defendants" because they are overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure. For purposes of these responses, "you," "your," "Defendant," and "Defendants" mean the Embassy.

2

c) Defendant objects to Plaintiff's definitions of the term "identify" because they are overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure.

d) Defendant objects to Plaintiff's definition of the term "describe in detail" because it is overbroad, unduly burdensome, and imposes requirements beyond those in the Federal Rules of Civil Procedure.

e) Defendant objects to Plaintiff's instructions regarding the continuing nature of the interrogatories to the extent they impose requirements beyond those in the Federal Rules of Civil Procedure.

f) Defendant objects to Plaintiff's instruction regarding information that must be provided when an interrogatory is objected to on the basis of overbreadth, burdensomeness, or oppressiveness because it imposes requirements beyond those in the Federal Rules of Civil Procedure.

g) Defendant objects that the burden or expense associated with Plaintiff's definitions and instructions outweighs their likely benefit and is an undue annoyance, oppression, and burden.

4. **Electronically Stored Information.**

Defendant objects to Plaintiff's interrogatories to the extent they require Defendant to search electronically-stored information that is not reasonably accessible data due to undue burden or cost, including but not limited to the need to collect data from individuals or sources that are not readily identifiable as containing potentially relevant or responsive material.

5. **Proportionality.**

Defendant objects to Plaintiff's interrogatories because they are not proportional to the claims and defenses in this action; are unreasonably cumulative and duplicative; and the burden and expense of the proposed discovery outweighs its likely benefit.

6. **Right to Amend or Supplement.**

The information contained in the following answers is true and correct to the best of Defendant's knowledge and belief as of the date of the responses. Defendant reserves the right to amend or supplement these interrogatories if it finds that inadvertent errors or omissions have been made or if additional or more accurate information becomes available later.

### ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Subject to and in addition to its aforementioned general objections, the Embassy makes the following answers and objections to individual interrogatories:

**INTERROGATORY NO. 21:** Identify and describe the Defendant's e-mail systems architecture and provide:

    a.    For E-mail Archive Servers used for preservation, identify the server names, geographic locations, software product and versions used.

    b.    For E-mail Backup Servers, identify the server names, geographic locations, software product and versions used.

    c.    For Exchange Servers, identify the server names, geographic locations, software product and versions used.

    d.    For Outlook Clients Ellen Ewald, Gary Gandrud, Walter Mondale, Jan Aage Larsen, Berit Johne, Elin Rognlie, Anders Davidson, Christina Carleton, Johann [sic] Vibe, Liv Morch Finborud, Elizabeth [sic] Wemberg and Wegger Strommen, identify the client names, geographic locations, software product and versions used.

4

**OBJECTION:** The Embassy objects to this interrogatory because it is overbroad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The Embassy further objects to this interrogatory as vague, including with regard to undefined technical terms.

**INTERROGATORY NO. 22:** Identify and describe the tools and methods used by Defendant to preserve, collect, process and produce evidence in this case.

**OBJECTION:** The Embassy objects to this interrogatory because it is vague, overbroad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The Embassy further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine.

Moreover, the parties stated in their joint Rule 26(f) Report that they would meet and confer regarding appropriate search terms for the collection of electronic information. [Doc. No. 32, filed June 29, 2012]. The parties agreed to a Form of Production Agreement drafted by Plaintiff's counsel that set forth the manner in which documents would be produced in this action. [Doc. No. 32-1].

In October 2012, Plaintiff consented to the Embassy's review of her work laptop for the purpose of responding to Plaintiff's discovery requests. In December 2012, and consistent with § 4(d) of the Rule 26(f) Report, the parties agreed to six search terms to apply to emails collected from custodians at the Ministry of Foreign Affairs. The agreed-upon search terms were: (1) Ellen; (2) Ewald; (3) Anders; (4) Davidson; (5) "Higher

Education and Research"; and (6) "Innovation and Business Development." The agreed-upon search terms were run and Defendant produced responsive documents on a rolling basis through February 2013. In total, Defendant produced 88,985 pages of documents consistent with the parties' Form of Production Agreement.

FAEGRE BAKER DANIELS LLP

Dated: July 3, 2013

Daniel G. Wilczek, MN Atty #0131660
*dan.wilczek@FaegreBD.com*
Joel P. Schroeder, MN Atty #0339556
*joel.Schroeder@FaegreBD.com*
Sean R. Somermeyer, MN Atty #0391544
*sean.somermeyer@FaegreBD.com*

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: (612) 766-7000
Attorneys for Defendant

dms.us.52211258.01