**EXHIBIT**

**M**

RECEIVED
JUL - 5 2013

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellen S. Ewald, <br><br> Plaintiff, <br><br> vs. <br><br> Royal Norwegian Embassy, <br><br> Defendant. | Civil No. 11-cv-02116 (SRN/SER) <br><br> **DEFENDANT ROYAL NORWEGIAN EMBASSY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

TO: Ellen S. Ewald and her attorneys, Thomas E. Marshall, Susanne J. Fischer and Sheila Engelmeier, Engelmeier & Umanah, 12 South Sixth Street, Suite 1230, Minneapolis, MN 55402

Defendant Royal Norwegian Embassy ("Defendant" or the "Embassy") asserts the following objections and responses to Plaintiff's Second Set of Requests for Production of Documents.

### PLAN OF RESPONSE AND GENERAL OBJECTIONS

The following paragraphs constitute Defendant's general objections to Plaintiff's Second Set of Requests for Production of Documents. These objections apply to each of Defendant's responses to individual document requests that follow these objections. The answers set forth below are subject to and do not waive any of these general objections.

**1.** **Confidential, Privileged and Protected Information.**

To the extent Plaintiff's document requests seek private, confidential, privileged and/or protected information about Defendant or about third parties who are not party to this action, including documents and information protected by applicable law and

international treaties and conventions, Defendant objects to these requests on the grounds that it has a right or duty to keep such information confidential. Defendant also objects to Plaintiff's requests to the extent they infringe upon the inviolability of the Embassy's archives and documents as provided pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). No specific response of Defendant below constitutes a waiver of this objection.

2. **Attorney-Client Privilege and Work-Product Principle.**

To the extent Plaintiff's document requests seek information protected by the attorney-client privilege or the work-product doctrine, Defendant objects to such requests on these grounds and will not knowingly produce such documents or information. No specific response of Defendant below constitutes a waiver of this objection.

3. **Plaintiff's Definitions and Instructions.**

Defendant objects to Plaintiff's definitions and instructions because they are overbroad and unduly burdensome. In particular:

a) Defendant objects to Plaintiff's definitions of "you" and "your" because they are overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure. For purposes of these responses, "you" and "your" mean the Embassy.

b) Defendant objects to Plaintiff's definitions of the terms "document" and "document(s)" because they are vague, overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure.

c) Defendant objects to Plaintiff's instructions concerning information that must be produced in conjunction with responsive documents because they are vague, overbroad, unduly burdensome, and impose requirements beyond those in the Federal Rules of Civil Procedure.

d) Defendant objects that the burden or expense associated with Plaintiff's definitions and instructions outweighs their likely benefit and is an undue annoyance, oppression, and burden.

e) Defendant objects to Plaintiff's instructions regarding the continuing nature of the document requests to the extent they impose requirements beyond those in the Federal Rules of Civil Procedure.

4. **Electronically Stored Information.**

Defendant objects to Plaintiff's document requests to the extent they require Defendant to search electronically-stored information that is not reasonably accessible data due to undue burden or cost, including but not limited to the need to collect data from individuals or sources that are not readily identifiable as containing potentially relevant or responsive material.

5. **Inviolability of the Embassy's Documents.**

Defendant objects to Plaintiff's requests to the extent they infringe upon the inviolability of Defendant's archives and documents, and disclosure is not permitted pursuant to international treaty (including Articles 33 and 61 of the Vienna Convention on Consular Relations and Articles 24 and 27 of the Vienna Convention on Diplomatic Relations). The Kingdom of Norway has expressly waived the inviolability of Defendant's

archives and documents in conformity with Article 45, paragraph 2 of the Vienna Convention on Consular Relations only for the limited purpose of producing the following documents in this litigation:

(1) documents and other materials contained in the personnel files of former Embassy employees Ellen Ewald and Anders Davidson;

(2) any additional email correspondence, either between employees of the Embassy and third parties or among Embassy personnel regarding Ellen Ewald and Anders Davidson;

(3) financial and payment records regarding the compensation and benefits of Ellen Ewald and Anders Davidson;

(4) employee handbooks, manuals, benefits information, or policies, both archived and current, applicable to Ellen Ewald and Anders Davidson during the course of their employment;

(5) documents related to the work performed by Ellen Ewald and Anders Davidson as Higher Education and Research Officer and Innovation and Business Development Officer; and

(6) documents related to the creation of the Higher Education and Research Officer and Innovation and Business Development Officer positions.

6. **Proportionality.**

Defendant objects to Plaintiff's requests because they are not proportional to the claims and defenses in this action; are unreasonably cumulative and duplicative; and the burden and expense of the proposed discovery outweighs its likely benefit.

7. **Right to Amend or Supplement.**

The information contained in the following responses is true and correct to the best of Defendant's knowledge and belief as of the date of the responses. Defendant reserves the right to amend or supplement these responses if it finds that inadvertent

errors or omission have been made or if additional or more accurate information becomes available later.

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS

Subject to and in addition to its aforementioned general objections, the Embassy makes the following responses and objections to individual document requests:

**REQUEST NO. 27**: Plaintiff requests that you present for review, examination, and analysis the laptop computers used by Plaintiff while employed by Defendant.

**OBJECTION**: The Embassy objects to this request because it is overbroad, unduly burdensome, duplicative, wasteful, unnecessary, untimely, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Moreover, in October 2012, Plaintiff consented to the Embassy's review of the laptop computer she used during her employment with the Embassy for the purpose of responding to Plaintiff's discovery requests. The Embassy already conducted that review and produced responsive documents in accordance with the Form of Production Agreement drafted by Plaintiff's counsel and agreed to by the parties. The Embassy has produced 56,625 pages of documents from Plaintiff's laptop computer. In addition, Plaintiff has not identified any legitimate basis for a forensic examination.

**REQUEST NO. 28**: Plaintiff requests that Defendant present the computer forensic images and/or backup copies of the laptop computers used by Plaintiff for analysis of the following:
a.   E-mail evidence- live/active/nondeleted, deleted, unallocated.

5

b. Applications - installed and uninstalled.
c. Software agents and/or scripts used for evidence preservation.

**OBJECTION**: The Embassy objects to this request because it is vague with respect to undefined technical terms, overbroad, unduly burdensome, duplicative, wasteful, unnecessary, untimely, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Moreover, in October 2012, Plaintiff consented to the Embassy's review of the laptop computer she used during her employment with the Embassy for the purpose of responding to Plaintiff's discovery requests. The Embassy already conducted that review and produced responsive documents in accordance with the Form of Production Agreement drafted by Plaintiff's counsel and agreed to by the parties. The Embassy has produced 56,625 pages of documents from Plaintiff's laptop computer. In addition, Plaintiff has not identified any legitimate basis for a forensic examination.

**REQUEST NO. 29**: Plaintiff requests that you present for review, examination, and analysis the cellular/smart or other phones, memory cards and tablets currently in use and those used by the following individuals between November 1, 2008 and November 1, 2011:
a. Ellen Ewald
b. Gary Gandrud
c. Walter Mondale
d. Jan Aage Larsen
e. Berit Johne
f. Elin Rognlie
g. Anders Davidson
h. Christina Carleton
i. Johann [sic] Vibe
J. Liv Morch Finborud
k. Elizabeth [sic] Wemberg
l. Wegger Strommen

**OBJECTION**: The Embassy objects to this request because it is overbroad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. The Embassy further objects to this request because it seeks confidential diplomatic, personal, and/or private information about third parties and matters the disclosure of which is not permitted pursuant to applicable law and international treaties and conventions. The Embassy also objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. In addition, Plaintiff has not identified any legitimate basis for a forensic examination.

**REQUEST NO. 30:** Provide all documents that identify the Defendant's email systems architecture and include:

a. For Outlook clients individuals identified in Request No. 29 above, those documents providing the client names, geographic locations, and software versions.
b. For Exchange Servers, those documents providing the server names, geographic locations, software product and versions.
c. For E-mail Backup Servers, those documents providing the server names, geographic locations, software product and versions.
d. For E-mail Archive Servers used for preservation, those documents providing server names, geographic locations, software product and versions.

**OBJECTION**: The Embassy objects to this request because it is overbroad, unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

|  | FAEGRE BAKER DANIELS LLP |
|---|---|
| Dated: July 3, 2013 | *[signature]* |
|  | Daniel G. Wilczek, MN Atty #0131660 |
|  | *dan.wilczek@FaegreBD.com* |
|  | Joel P. Schroeder, MN Atty #0339556 |
|  | *joel.schroeder@FaegreBD.com* |
|  | Sean R. Somermeyer, MN Atty #0391544 |
|  | *sean.somermeyer@FaegreBD.com* |

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone:  (612) 766-7000
Attorneys for Defendant

dms.us.52212028.01