

FaegreBD.com

USA ▼ UK ▼ CHINA

**Joel P. Schroeder**
+1 612 766 8860
joel.schroeder@FaegreBD.com

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center  90 South Seventh Street
Minneapolis  Minnesota 55402-3901
Phone +1 612 766 7000
Fax +1 612 766 1600

August 14, 2013

**VIA ECF & EMAIL**
rau_chambers@mnd.uscourts.gov

The Honorable Steven E. Rau
334 Warren E. Burger Federal Courthouse
316 N. Robert Street
St. Paul, MN  55101

    Re:    **Ellen S. Ewald v. Royal Norwegian Embassy**
             **Civil No. 11-cv-02116 SRN/SER**

Dear Magistrate Judge Rau:

At oral argument on Plaintiff's Motion to Compel Discovery, Plaintiff's counsel provided the court with two case citations purporting to support Plaintiff's request for forensic imaging and analysis of certain laptop computers and mobile phones.  Those two cases are *Bennett v. Martin*, 928 N.E.2d 763, 2009 WL 4048111 (Ohio Ct. App. 2009) and *Piccone v. Town of Webster*, 2010 WL 3516581 (W.D.N.Y. Sept. 3, 2010).  Because the cases were not cited in Plaintiff's principal brief or unauthorized reply brief, and after receiving permission from Ms. Erstad, the Embassy submits this letter to explain why these additional cases further support denial of Plaintiff's unprecedented and over-reaching request for forensic imaging and analysis.

In *Bennett*, an Ohio age-discrimination and retaliation case, the court ordered forensic imaging because the defendant had engaged in a history of discovery misconduct, including by not complying with discovery obligations, willfully violating and blatantly disregarding two court orders, and "adopt[ing] a lackadaisical and dilatory approach to providing discovery."  928 N.E.2d at 774-75.  In considering whether forensic imaging was justified, the *Bennett* court noted: "a court must consider whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for the requested information, and the extent to which the responding party has complied with discovery requests."  *Id.* at 774 (citing cases).  Here, the Embassy has participated actively and fully in discovery and satisfied its discovery obligations.  The Embassy reviewed and produced thousands of pages of documents consistent with the objections it asserted in October 2012 and the Diplomatic Note it provided to the court and the parties in December 2012.  *Bennett* does not support Plaintiff's position.

*Piccone*, a New York age-discrimination and hostile-work-environment case, regarded motions for sanctions and spoliation of evidence, neither of which is before the court here.  2010 WL 3516581, at

*1.  In *Piccone*, the defendant also asked the court to compel a forensic image of the plaintiff's computer and electronic-storage devices "in order to ensure that [the plaintiff was] not withholding evidence." *Id.* at *7-8.  In denying the request for forensic imaging, the court noted that "a party may not inspect the physical hard drives of a computer merely because the party wants to search for additional documents." *Id.* at *8 (citing *Ameriwood Indus., Inc. v. Liberman*, 2006 WL 3825291, *4 (E.D. Mo. 2006)).  Here, Plaintiff does not accuse Defendant of intentionally withholding relevant ESI.  *See* Docket No. 121, Pl's Reply Br. at 5.  In addition, the underlying basis for Plaintiff's request no longer exists because Plaintiff's request appears to be motivated by a desire to search for additional documents based on "technical issues," which have since been resolved, and the Embassy's "refusal to identify responsive documents," a position that is consistent with the parties' FOPA and the Federal Rules.  *See* Docket No. 109, Pl's Mem. at 17; Docket No. 116, Def's Mem at 24-25, 31-36.  *Piccone*, too, does not support Plaintiff's position.

Respectfully submitted,

*s/Joel P. Schroeder*

Joel P. Schroeder (#0339556)
Counsel for Defendant Royal Norwegian Embassy

cc:   Sheila Engelmeier
      Thomas Marshall
      Susanne Fischer
      Daniel Wilczek
      Sean Somermeyer