UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellen S. Ewald,<br><br>     Plaintiff,<br><br>v.<br><br>Royal Norwegian Embassy,<br><br>     Defendant. | Civil No. 11-CV-2116 (SRN/SER)<br><br><br><br>**ORDER** |

Thomas E. Marshall, Sheila A. Engelmeier, and Susanne J. Fischer, Engelmeier & Umanah, P.A., 12 South Sixth Street, Suite 1230, Minneapolis, Minnesota 55402, for Plaintiff.

Daniel G. Wilczek, Joel P. Schroeder, Sean R. Somermeyer, and John B. Gordon, Faegre Baker Daniels LLP, 90 South Seventh Street, Suite 2200, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's Objection [Doc. No. 205] to United States Magistrate Judge Steven E. Rau's March 7, 2014, Order and Report and Recommendation ("R&R") [Doc. No. 203]. The Magistrate Judge: (1) ordered Defendant to produce unredacted versions of documents Bates stamped RNE 363 and RNE 63100 by March 14, 2014; (2) denied Defendant's Motion to Enforce Compliance with and Provide Sanctions for Violation of Rule 26(b)(5)(B) [Doc. No. 167]; and (3) recommended that Plaintiff's Motion for Sanctions Due to Spoliation of Evidence [Doc. No. 184] be denied. (Mar. 7, 2014, Order and R&R at 41-42 [Doc. No. 203].)  Plaintiff objects to a portion of

the third ruling—the denial of Plaintiff's Motion for Sanctions Due to Spoliation of Evidence.  (Pl.'s Objection to Magistrate Judge Rau's Mar. 7, 2014 Order and R&R at 1 [Doc. No. 205].)  Specifically, Plaintiff objects only to the Magistrate Judge's finding that Plaintiff was not prejudiced by Defendant's purportedly deliberate destruction of text messages and other electronically stored information on Gary Gandrud's mobile phone after Defendant's duty to preserve such evidence was triggered.  (Id.)  For the reasons set forth below, the Court overrules Plaintiff's Objection and adopts the Order and R&R in its entirety.

## II.     BACKGROUND

The Magistrate Judge's Order and R&R thoroughly documents the factual and procedural background of Plaintiff's case, which is incorporated here by reference. Previously, Plaintiff filed a motion to compel discovery, requesting production of Gary Gandrud's[1] mobile phone, among other items.  (Pl.'s Mot. to Compel Discovery [Doc. No. 106]; Pl.'s Mem. of Law in Supp. of Mot. to Compel Discovery at 18, 21 [Doc. No. 109].) This Court ordered its production.  (Nov. 20, 2013, Mem. Op. and Order at 20-21 [Doc. No. 161].)

Since filing her motion to compel, Plaintiff learned that Defendant did not provide Gandrud with a mobile phone, and that the mobile phone used by Gandrud while he worked at Faegre was recycled upon his retirement from the law firm in December 2011.  (Dec. 1, 2013, 10:02 a.m., Email from Joel Schroeder to Sheila Engelmeier, Ex. D to Aff. of

---

[1]  When Plaintiff worked for Defendant, Gandrud was the Honorary Consul for Norway, and he was employed by the law firm of Faegre & Benson LLP, now known as Faegre Baker Daniels LLP ("Faegre").  (Am. Compl. ¶ 3 [Doc. No. 104].)

2

Susanne J. Fischer [Doc. No. 187-4 at 2].) The device and all data contained on Gandrud's mobile phone no longer exist. (Id.) Plaintiff then moved for sanctions against Defendant for spoliation of Gandrud's mobile phone and other items.[2] (Pl.'s Mem. of Law in Supp. of Her Mot. for Sanctions Due to Spoliation of Evidence at 1 [Doc. No. 186].)

With respect to Gandrud's mobile phone, the Magistrate Judge found spoliation because Defendant failed to preserve the phone, and its counsel knew or should have known that the phone was relevant to pending litigation. (Mar. 7, 2014, Order and R&R at 30 [Doc. No. 203].) The Magistrate Judge, however, declined to impose sanctions for the spoliation, because the Court found insufficient evidence of prejudice to Plaintiff. (Id. at 31-33.) The Magistrate Judge therefore recommended that Plaintiff's Motion for Sanctions Due to Spoliation of Evidence be denied. (Id. at 42.) On March 21, 2014, Plaintiff objected to the Magistrate Judge's recommendation, arguing that although the finding of spoliation regarding Gandrud's mobile phone was correct, Plaintiff in fact was prejudiced by Defendant's spoliation and sanctions, therefore, should be awarded. (Pl.'s Objection to Magistrate Judge Rau's Mar. 7, 2014 Order and R&R at 1, 4, 8-9 [Doc. No. 205].)

---

[2] These other items include Plaintiff's first laptop used in her employment with Defendant, and documents related to Plaintiff's employment with Defendant that were initially maintained, but allegedly later destroyed, by Innovation Norway, a branch of the Norwegian government. (Pl.'s Mem. of Law in Supp. of Her Mot. for Sanctions Due to Spoliation of Evidence at 1 [Doc. No. 186].) Plaintiff does not object to the March 7, 2014, Order and R&R with respect to these items.

3

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

### B. Objection

The Magistrate Judge found that Plaintiff offered insufficient evidence of prejudice primarily because she relied only on one document—a February 23, 2011 email—that alluded to a potentially relevant text message from Gandrud, and she failed to pursue other avenues of discovery to obtain information about text messages sent by and to Gandrud. (Mar. 7, 2014, Order and R&R at 31-32 [Doc. No. 203].) Plaintiff objects that: (1) the February 23, 2011 email demonstrates Gandrud's text messaging; (2) deposition testimony is not a substitute for the spoliated text messages; and (3) prejudice is presumed based on the nature of the evidence destroyed. (Pl.'s Objection to Magistrate Judge Rau's Mar. 7, 2014 Order and R&R at 4-9 [Doc. No. 205].)

Upon a showing of spoliation, a court may impose appropriate sanctions. Nicollet Cattle Co., Inc. v. United Food Group, LLC, No. 8-cv-5899, 2010 WL 3546784, at *4 (D. Minn. Sept. 7, 2010) (citing Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216

(S.D.N.Y. 2003).)  "The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis." Zubulake, 220 F.R.D. at 216.

The Court agrees with the reasoning of the Magistrate Judge but notes that even if Plaintiff were prejudiced, sanctions are not appropriate here.  As the Magistrate Judge aptly observed, this litigation concerns an alleged equal-pay disparity of approximately $100,000. (Mar. 7, 2014, Order and R&R at 40 [Doc. No. 203].)  To date, however, the parties have incurred costs and fees exceeding one million dollars each in pursuing this litigation.  (Id.) The Court agrees with the Magistrate Judge's conclusion that because monetary sanctions are unlikely to deter either party, they are not warranted.

**IV.   ORDER**

The Court **OVERRULES** Plaintiff's Objection [Doc. No. 205] and **ADOPTS** the Magistrate Judge's March 7, 2014, Report and Recommendation [Doc. No. 203] in its entirety.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Sanctions Due to Spoliation of Evidence [Doc. No. 184] is **DENIED**.

Dated: April 1, 2014                                    s/ Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Court Judge